# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

## MEMORANDUM ENDORSED

March 24, 2021

| |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED:   3/25/2021 |

By ECF

Hon. Gregory H. Woods
United States District Judge
Southern District of New York

**Re:  United States v. James Johnson, 21 Cr. 166 (GHW)**

Dear Judge Woods:

I write to respectfully inform the Court that, at the next scheduled appearance or as soon as the Court can accommodate it, James Johnson wishes to plead guilty to the sole count of the indictment against him, pursuant to the attached *Pimentel* letter. Mr. Johnson has informed me that he consents to pleading guilty remotely, by telephone or video.

Thank you for your attention to this matter.

Sincerely,

/s/ Jonathan Marvinny
Jonathan Marvinny
Assistant Federal Defender
212.417.8792
jonathan_marvinny@fd.org

cc:   Patrick R. Moroney, Esq.
    Assistant United States Attorney

Application granted.  The Court will hold a change of plea hearing on April 6, 2021 at 11:00 a.m.  Unless otherwise ordered, the hearing will take place in Courtroom 12C in the Daniel Patrick Moynihan Federal Courthouse, 500 Pearl Street, New York, New York 10007.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 6.

    SO ORDERED.

Date:  March 25, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 9, 2021

Jonathan Marvinny
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, NY 10007
646-745-7637
Jonathan_Marvinny@fd.org

  **Re:**  ***United States v. James Johnson*, 21 Cr. \_\_\_**

Dear Mr. Marvinny:

   This document is not a plea agreement.  Rather, pursuant to the suggestion of the Court in *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991), this letter sets forth the current position of the United States Attorney's Office for the Southern District of New York (the "Office") regarding the application of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") to defendant James Johnson (the "defendant") in this case.

   The indictment in this case charges the defendant with one count of unlawful possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).  Count One carries a maximum term of imprisonment of ten years, a maximum term of supervised release of three years, a maximum fine of $250,000, and a $100 mandatory special assessment.

   The Government currently believes that the Guidelines apply to the crime charged in the indictment as follows:

**A.  Offense Level**

 1. The Guidelines provisions in effect as of November 1, 2018, apply in this case.

 2. The Guideline applicable to the offense charged in Count One is U.S.S.G. § 2K2.1(a)(4)(a)(A), because the defendant committed the instant offense subsequent to sustaining one felony conviction for a crime of violence.  Namely, on or about October 13, 2016, in Rensselaer County Court, the defendant pled guilty to assault in the first degree, in violation of New York Penal Law Section 120.10(1), and was sentenced to a term of imprisonment of five years.  Accordingly, the base offense level is 20.

3.  Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a).  Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), assuming the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above calculations, the applicable offense level is **17**.

**B.  Criminal History Category**

Based upon the information now available to this Office, the defendant has 5 criminal history points, calculated as follows:

1.  On or about October 13, 2016, in Rensselaer County Court, the defendant pled guilty to assault in the first degree, in violation of New York Penal Law Section 120.10(1), and was sentenced to a term of imprisonment of five years on or about February 14, 2017.  Pursuant to U.S.S.G. § 4A1.1(a), this sentence results in three criminal history points.

2.  The defendant was on post-release supervision when he committed the instant offense. Pursuant to U.S.S.G. § 4A1.1(d), this results in two criminal history points.

In accordance with the foregoing, the defendant's Criminal History Category is **III**.

**C.  Sentencing Range**

Based upon the calculations set forth above, the defendant's sentencing range is 30 to 37 months' imprisonment.  In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2.  At offense level 17, the applicable fine range is $10,000 to $90,000.

The foregoing Guidelines calculation is based on facts and information currently known to the Office.  Nothing in this letter limits the right of this Office (1) to change its position at any time as to the appropriate Guidelines calculation in this case, even if that change is based, in whole or in part, on information that was in the Government's possession as of the date of this letter; and/or (2) to present to the Court or the United States Probation Office, either orally or in writing, any and all facts and arguments relevant to sentencing that are available to the Office at the time of sentencing.  Nor does anything in this letter limit the right of this Office to seek a departure under or variance from the Guidelines, or to take a position on any departure or variance that may be suggested by the Court, the United States Probation Office, or the defendant.

This letter does not and cannot bind either the Court or the United States Probation Office, either as to questions of fact or as to determinations of the correct application of the Guidelines in this case.  Instead, the sentence to be imposed upon the defendant will be determined solely by the Court.  This Office cannot and does not make any promise or representation as to what sentence the defendant will receive.

The defendant is hereby notified that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his removal from the United States is presumptively mandatory and that, at a minimum, he is at risk of being removed or suffering other adverse immigration consequences.  The defendant is further notified that, if he is a naturalized citizen of the United States, his guilty plea may have consequences with respect to his immigration status. For example, under federal law, an individual may be subject to denaturalization and removal if his naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured.  The defendant is further notified that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status.  The defendant is entitled to and should seek advice from his attorney on this issue.

Very truly yours,

AUDREY STRAUSS
United States Attorney

By: _____
Patrick R. Moroney
Assistant United States Attorney
(212) 637-2330